———————————o———————————

Meyer *v.* Lemcke and Others.

CARRIER.— *Collections.*—*Bill of Lading.*—A bill of lading recited, that the goods were "to be delivered without delay, &c., at the port of, &c., to, &c., or assigns, he or they paying freight for said goods at the rate of, &c.; charges payable when collected by boat; charges to be collected" a certain sum, being the value of the goods.

*Held,* that if the carrier delivered the goods without collecting such charges, he was liable therefor to the person who so contracted with him and delivered the goods to him.

APPEAL from the Vanderburgh Circuit Court.

RAY, J.—The appellant brought this action against the appellees, charging, that at their special instance and request he had delivered to said appellees certain goods and chattels and merchandize, described in a bill of lading, which was executed by said appellees and delivered to the appellant; that the goods were of the value of $274.40, and were to be carried by the appellees in and by a certain steamboat from Evansville to, &c., and delivered to, &c., for certain freight and reward to the appellees; that by said bill of lading the appellees agreed to collect the sum of $274.40,

charges upon said goods, from, &c., upon delivery of said goods, and pay the said sum to the appellant; and although the appellees made said delivery, yet they failed and refused to collect said sum and pay the same to the appellant.

A second paragraph was filed, alleging, that although a reasonable time had elapsed since the delivery, the appellees failed and refused to pay the said sum to the appellant. The material portion of the bill of lading is as follows: "To be delivered without delay, &c., at the Port of Rose Clair, Illinois, to I. N. Watington, or assigns, he or they paying freight for said goods, at the rate of ———. Charges payable when collected by boat." And at the conclusion of the bill of lading: "Charges to be collected, $274.40."

A demurrer was sustained to each paragraph of the complaint.

The plain and reasonable intent of the language used in the bill of lading is, that the charges are to be collected by the appellees; and as they have, as is charged by the complaint, delivered the goods without collecting the charges, thereby surrendering a security without authority, they are liable for the charges they assumed to collect.

The appellees insist that the appellant does not show by his complaint that the charges are due to him. He does aver the delivery by him of the goods, and the contract was between him and the appellees. To him they must answer the breach.

Judgment reversed, with costs, and the cause remanded, with direction to overrule the demurrer to each paragraph of the complaint.

*C. Denby*, for appellant.

*A. Iglehart* and *T. E. Garvin*, for appellees.