# Cox, Hill & Thompson *v.* Columbus & Western Railway Co.

*Action for Damages against Railroad Company delivering Goods without Payment of Price.*

1. *Common carrier; delivery of goods without payment of price.*—A common carrier, receiving goods for transportation, is under no obligation to require the payment of the price before delivering them to the person for whom they are intended; but he may assume this obliga-

[Cox, Hill & Thompson v. Columbus & Western Railway Co.]

tion by contract, express or implied; and such contract may be implied, when he accepts the goods for transportation with instructions not to deliver until paid for, or when they are so clearly marked as to indicate that payment is a condition to delivery, if he has been in the habit of making such collections as a custom in conducting his business.

2. *Depot-agent requiring payment before delivery of goods.*—A local depot-agent has no authority, by virtue of his employment, to assume to collect the price of the goods on delivery; and if he makes an agreement to that effect with the shipper, he thereby becomes the agent of the latter, and the railroad company is not liable for a breach of such contract by him, whether by delivering the goods without requiring payment, or by collecting the money and failing to remit it to the shipper.

3. *Defective pleas.*—A plea which presents an immaterial issue, or which, professing to answer the whole complaint, is good only as to a part, is defective and demurrable.

4. *Error without injury in rulings on pleadings.*—The doctrine of error without injury can not be applied when a demurrer to a defective plea is erroneously overruled, and plaintiff thereby compelled to take issue on it.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellants, a mercantile partnership doing business in Atlanta, Georgia, to recover damages of the defendant, a corporation operating a railroad between Opelika and Goodwater, for an alleged breach of contract (or duty) in delivering to one Caldwell, at Goodwater, twenty-five barrels of whiskey shipped by plaintiffs from Atlanta over the defendant's road, without requiring and collecting from him payment of the price; or, as alleged in one of the counts of the complaint, collecting payment and failing to remit it to plaintiff. The complaint contained five counts, the substance of which is stated in the opinion. The defendant pleaded, 1st, a general denial of liability or indebtedness, and two special pleas, to which a demurrer was interposed but overruled; and the overruling of these demurrers is the only matter assigned as error.

JNO. M. CHILTON, for appellants.

HARRISON & LIGON, contra.

CLOPTON, J.—A brief statement of the averments of the several counts of the complaint, five in number, is requisite to a proper understanding of the questions raised by the assignments of error, which go to the rulings of the court overruling demurrers to the special pleas of defendant. The first count substantially avers, that plaintiffs, during the years 1883, 1884 and 1885, shipped, at different times, a number of bar-

rels of whiskey from Atlanta, Georgia, to Goodwater, Alabama; that the Atlanta & West-Point Railroad Company issued through bills of lading for the transportation of the whiskey over its own and connecting lines, in pursuance of an agreement between the companies operating the respective roads ; that, by the bills of lading, the goods were to be delivered to the order of plaintiffs, who indorsed and delivered the bills of lading to defendant, the delivering carrier, with the understanding and agreement that the goods were to be delivered to one Caldwell, upon payment of the price, to whom, the count avers, they were delivered without payment. The third count contains substantially the same averments, with the exception that it avers defendant collected the price, and has refused to pay the same to plaintiffs. The second count avers the same facts as to the shipment of the goods, the issue of through bills of lading, the agreement under which they were issued, and their consignment to the order of plaintiffs. The fourth count is the same as the second, except that it omits the averment of the issue of through bills of lading, and avers that, by ar- · rangement between the several companies over whose roads the goods had to pass, defendant undertook their transportation from Opelika to Goodwater, and to deliver them to the order of plaintiffs. The fifth count merely avers the shipment of the goods, their consignment to plaintiffs, and their reception and transportation by defendant from Opelika to Goodwater. The second, fourth and fifth counts aver a misdelivery.

In addition to the general issue, defendant filed two special pleas. The first avers that plaintiffs employed one Driver, who was defendant's agent in Goodwater, to represent them in delivering the goods to Caldwell, and collecting the price of the same, and for this purpose sent him bills of the goods, with the request that he would collect the same, and transmit to plaintiffs ; that Driver did, from time to time, collect the bills from Caldwell, and transmit to plaintiff, who paid him for the service; also, that in delivering the goods to Caldwell, and collecting the price, he did not act within the scope of his authority as defendant's agent, but in utter disregard of his duties and instructions as such, and, in thus acting, was the agent of plaintiffs, employed and paid by them.

From his mere avocation, or the nature of his business, no implied obligation or duty devolves on a common carrier to require payment of the price of goods transported by him, as a condition of their delivery. Such obligation arises only by contract, express or implied. Such agreement may be implied, when the carrier accepts the goods for transportation with instructions not to deliver until paid for, or when they

are so clearly marked as to indicate that payment is a condition of delivery, if making such collections has been his custom in conducting his business. A delivery in such case, in violation of the condition, is unauthorized, and tantamount to a misdelivery.—*Murray v. Warner*, 55 N. H. 546; *Meyer v. Lemcke*, 31 Ind. 208; *Jellotts v. St. P. M.. & M. Railway Co.*, 16 Amer. & Eng. R. R. Cases, 246; 2 Amer. & Eng. Encyc. of Law, 899; Hutch. Car. §§ 389–91.

The complaint does not allege that the goods were so marked as to signify that collection of the price was a condition of delivery, or that an agreement to that effect was entered into by the company with whom the contract for through shipment was made. The allegation is, that the goods being deliverable to the order of plaintiffs, they indorsed and delivered the bills of lading to the defendant, with an agreement that they were to be delivered to Caldwell upon his payment for the same— an agreement distinct from the contract of shipment, and subsequent to the issue of the bills of lading. The averments of the plea are inconsistent with the theory that Driver made the agreement as the agent of and for the defendant. The plea sets forth a special agency for the plaintiffs, distinct from, and independent of, his agency for defendant. As local agent, he had no implied authority, either in anticipation of the arrival of the goods, or after they had been carried to the point of destination, to make an agreement to deliver them upon payment of the price, binding the company; and, though by the bills of lading the goods were to be delivered to the order of plaintiffs, if they employed and authorized Driver to represent them in the matter of their delivery to Caldwell and the price, a delivery by him without payment did not constitute a misdelivery on the part of defendant. The specific grounds of demurrer, that the plea does not distinctly aver that Driver acted as plaintiffs' agent, and for aught that appears he was acting as agent for defendant, in the matter of the delivery of the goods to Caldwell, are not well founded.

The second special plea is directed to the first, second, third and fourth counts of the complaint. It merely avers that the contract relative to the collection and transmission of the price of the goods, if any such contract was made with Driver, or with the Atlanta & West-Point Railroad Company, was in excess of the authority delegated to such agent, or the receiving carrier, and of the corporate powers of defendant. Neither count of the complaint alleges that any such contract was made with Driver, or with the Atlanta & West-Point Railroad Company. The plea presents an immaterial issue. Also, while it professes to answer four counts of the complaint, it is

[Tillis v. County Commissioners of Covington.]

obvious that it is not an answer to two of them, the second and fourth counts. These counts merely aver a misdelivery, without reference to any agreement in regard to the collection and transmission of the price of the goods. The elementary rule, that a plea professing to answer the whole complaint, and answering only a part, is bad on demurrer, applies when the complaint contains more than one count, and the plea professing to answer all, answers only some of them. And, as we have seen, such contract, if made by defendant, is not *ultra vires*. The demurrer to the plea should have been sustained.

The doctrine of error without injury, most frequently invoked when a demurrer to a special plea is sustained, and it appears that defendant had the full benefit of the defense under the general issue, has no application, when a demurrer to a special plea has been erroneously overruled, and plaintiffs compelled to take issue on it.—*M. & E. Railway Co. v. Chambers*, 79 Ala. 338. For the error in overruling the demurrer to the second special plea, the judgment must be reversed.

Reversed and remanded.