# Roberts *v.* Pell City Mfg. Co.

### Injury to Servant.

(Decided June 8, 1916.   72 South. 341.)

1. **Master and Servant; Injury to Servant; Safe Place to Work.**—The fact that rain fell on the roof of the building which a servant was about to repair, making the roof slippery, did not constitute a defect in the roof for which a master would be liable to his servant injured by falling thereon.

2. **Same; Warning and Instructing.**—Where a nineteen year old employee was injured by falling on a roof, rendered slippery after a rain, he being engaged at the time in carrying hot tar, the employer was not negligent in failing to instruct or warn him, or under any duty of exercising a greater degree of care than with a servant of full age, since the work did not involve any danger not open to a person of ordinary intelligence, and there was no evidence that plaintiff was not possessed of the ordinary intelligence of his age; it being presumed that one of plaintiff's age, not shown to be deficient is able to apprehend and avoid all danger that may be discovered by the exercise of ordinary care.

3. **Same.**—The master is not under duty to warn or instruct a servant as to risks of which the servant has full knowledge and appreciation.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Action by Herman Roberts, pro ami, against the Pell City Manufacturing Company, for damages for injury suffered while in its employment. Judgment for defendant and plaintiff appeals. Affirmed.

S. W. TATE, for appellant.    M. M. & VICTOR SMITH, for appellee.

McCLELLAN, J.—Herman Roberts was engaged in the appellee's service when the personal injury described in the complaint overtook him.   He was then 19 years of age.   The roof of a building used by appellee in its business was being repaired. This roof was made by the spreading of hot tar on some character of more permanent surface.   Roberts' duty was to carry by hand buckets (two) of hot tar from one edge of the roof, across the roof, to the place where a defect in the roof was being repaired.   He had repeatedly safely rendered this service during that day, before injured.   While carrying two buckets to the repair men, he fell, and in falling his hand went into one of the buckets of hot tar and was thereby injured.

The complaint contains six counts.   The first charged a defect in the condition of the ways, works, etc., under the first subdivision of the Employers' Liability Act (section 3910 of the Code), the defect being alleged to be: "Said roof was defective; said roof was slippery; said roof was wet."   The second count was drawn under the second subdivision of the Employers' Liability Act, and alleged that the superintendent "negligently permitted the roof of said building to be and remain in a defective condition," or "negligently allowed said roof of said building to become wet and slippery."   The third count, drawn to state a cause of action under the third subdivision of the Employers' Liability Act, ascribes the plaintiff's injury to a negligent order or orders, being thus described therein:   "He negligently ordered the plaintiff to carry tar on the roof of said building when said roof was defective, which was known to said Locke, or he could have known the same by the exercise of reasonable diligence.   He negligently ordered plaintiff to carry tar on said roof when he knew the same to be defective.   He negligently ordered plaintiff to carry tar on said roof when he knew the same was wet and slippery, or he could have known the same by the exercise of reasonable diligence."

The fourth count impleaded the defendant for an alleged breach of the common-law duty to furnish him a reasonably safe place in which to work; the breach of this duty being specified in the count as follows: "The roof of said building was allowed to be and remain wet and slippery.   The roof of said building was allowed to be and remain in a defective condition."

The fifth count attributed the plaintiff's injury to the negligent failure to warn him, "a minor and inexperienced in the duties which he was required to perform," of the danger of the work he was directed to perform, and to advise him how to avoid danger from the service in which he was then engaged. The sixth count charged a breach of the same duty alleged in the fifth count.

(1) The court gave the general charge for the defendant. That action is the basis of the only error assigned. There was no evidence to sustain material averments in counts 1 to 4, inclusive. The place at which the plaintiff received his injury was on the roof. At the point where he was injured no defect in the condition of the roof was indicated by the evidence. The roof was, of course, put there to shelter the interior of the building from the elements; and manifestly the falling of rain on the roof did not constitute a condition of defect in the roof. Furthermore, as regards the third count, the evidence does not show that the roof was slippery from the fall of rain at the time the plaintiff's superior directed him to render the service in which he was engaged when injured. Indeed, according to the only evidence on the subject, the rain fell just as the plaintiff was starting on his last trip with the buckets of hot tar.

(2, 3) "The mere fact of minority of a young man 19 years of age does not impose upon the master any other or greater degree of care in respect to the minor than would be upon him had the servant attained full age."—*Richards v. S.-S. S. & I. Co.,* 146 Ala. 255, 257, 41 South. 288. There was no evidence that the plaintiff was not possessed of the ordinary intelligence to be expected of a person of his age, especially when referred to the simple, commonplace circumstances of the service in which he was engaged when injured. The work in which he was engaged did not, could not, involve any danger which was not open to any person of ordinary intelligence and observation; and so it was not negligent in the master to fail to instruct or warn him of the possible danger that might attend the process of walking on the roof after rain had fallen upon it. It is to be presumed that one of plaintiff's age, not shown to be deficient in intelligence, is able to apprehend and avoid all patent dangers that may be discovered by the exercise of ordinary care and prudence.—*Richards v. S.-S. S. & I. Co., supra; Robertson v. T. C. I. & R. Co.,* 174 Ala. 589, 56 South. 710; *Worthington v. Goforth,* 124 Ala. 656, 26 South. 531. It is not conceivable that a normally intelligent

young man of plaintiff's years would be ignorant of the commonplace suggestion of prudence that the falling of rain on the roof might or would render a footing thereon insecure. The master is not obliged to warn or instruct the servant in respect of risks of which the servant has full knowledge and appreciation.—*Jones v. T. C., I. & R. Co.*, 163 Ala. 26, 270, 50 South. 1017.

The cases of *Ala. M. R. R. Co. v. Marcus*, 128 Ala. 355, 30 South. 679, and *Alabama Steel & Wire Co. v. Wrenn*, 136 Ala. 475, 34 South. 970, cited on appellant's brief, involve the differentiating factor of a minor's service with or about machinery.

The general affirmative charge requested for defendant was its due. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.