(99 South. 297)
LOUISVILLE & N. R. CO. v. MORRILL.*
(3 Div. 650.)

(Supreme Court of Alabama. Jan. 24, 1924. Rehearing Denied Feb. 14, 1924.)

1. Master and servant ⊙⇒286(29)—Railroad's employee's negligence in knocking other employee under moving train held for jury.

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for injuries to railroad employee who alleged that he was negligently knocked under slowly moving train, after he had alighted therefrom, by other employee who was running along moving train, in which the railroad claimed that injured employee lost balance and fell under moving train, the question of the railroad's negligence was for the jury.

---

**2. Master and servant ☞204(1)—Assumption of risk defense under federal act.**

In an action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) assumption of risk is a good defense.

**3. Negligence ☞101—Contributory negligence diminishes recovery under federal Employers' Liability Act.**

In an action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), contributory negligence does not preclude recovery, but is merely ground for reduction of damages.

**4. Master and servant ☞206—Doctrine of assumption of risk not applicable to negligence foreign to employee's employment.**

The doctrine of assumption of risk applies to conduct incident to the employee's employment, not to negligence foreign thereto, which employee could not foresee or contemplate.

**5. Master and servant ☞216(1)—Employee knocked under train by other employee after stepping therefrom held not to have assumed risk.**

A railroad. employee who stepped from slowly moving train and was knocked under the train by another employee, who was running along train, held not to have assumed risk of other employee's negligence, which was an outside intervening cause.

**6. Master and servant ☞213(1), 238(3)—"Assumption of risk" and "contributory negligence," distinguished.**

If there are two ways in which an act can be done, one a safe way and the other a dangerous way, and a person chooses the dangerous way with knowledge of the danger, he is guilty of "contributory negligence"; but this is not "assumption of risk."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assumption of Risk; Contributory Negligence.]

**7. Master and servant ☞247(4)—Negligence of employee in stepping off moving train held not proximate cause of injury sustained when knocked under train by other employee.**

Negligence of railway employee in stepping from slowly moving train held not the proximate cause of injury sustained when knocked under the train by other employee running alongside the train after having alighted therefrom.

**8. Appeal and error ☞1005(3)—Denial of motion for new trial on ground of insufficiency of evidence not disturbed on appeal where evidence conflicting.**

Denial of motion for new trial on the ground that the verdict was contrary to the great weight of evidence will not be disturbed on appeal where the evidence was conflicting.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action for damages by Robert E. Morrill, Sr., against the Louisville & Nashville Railroad Company, for personal injuries. From a judgment for plaintiff; defendant appeals. Affirmed.

Charge 6, refused to defendant, is as follows:

"6. If the jury are reasonably satisfied from the evidence that there was a comparatively safe and a more dangerous way known to plaintiff by means of which he could have left the train in the discharge of his duty and that the plaintiff selected the more dangerous way of leaving the train, then he thereby assumed the risk of the injury suffered by him and cannot recover in this case."

The defendant excepted to this portion of the court's oral charge.

"Now, the defendant has answered this complaint of the plaintiff by saying, or pleading as we call it: (1) That neither the railroad company nor any of its employees or agents were, guilty of any negligence whatever on the occasion when the plaintiff was injured. This is a general denial of the plaintiff's cause of action, and, of course, applies to the entire complaint, counts 1 and 2; then, in the second place, the defendant further says that the plaintiff suffered his injuries because he did an act in a dangerous way, which act he could have done in a safe way; and this plea is founded on the legal principle that if two ways are open to a person to do an act, and one of the ways is safe and the other way dangerous, then the choice of the dangerous way, with knowledge on the part of the injured person of the danger, constitutes contributory negligence."

C. P. McIntyre, of Montgomery, for appellant.

There was no evidence of negligence on the part of Boris; the plea of assumption of risk was proven, and defendant was entitled to the affirmative charge. Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835; 36 L. Ed. 758; C. & W. R. R. Co. v. Bridges, 86 Ala. 448, 5 South. 864, 11 Am. St. Rep. 58; W. of Ala. v. Mutch, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Pryor v. L. & N. R. R. Co., 90 Ala 32, 8 South. 55; L. & N. R. R. Co. v. Stutts, 105 Ala. 368, 17 South. 29, 53 Am. St. Rep. 127; L. & N. R. R. Co. v. Naugher, 203 Ala. 557, 84 South. 262; So. Ry. Co. v. Grady, 192 Ala. 515, 68 South. 346; Robertson v. T. C. I. Co., 174 Ala. 589, 56 South. 710; So. Ry. Co. v. Carter, 164 Ala. 103, 51 South. 147; Frazier v. Interstate R. Co. (C. C. A.) 273 Fed. 181; L. & N. R. R. Co. v. Williams, 172 Ala. 560, 55 South. 218; Wilson v. L. & N. R. Co., 85 Ala. 269, 4 South. 701; Ball v. Semet-Solvay Co., 208 Ala. 648, 95 South. 50; McLaren v. Ala. Mid. R. R. Co., 100 Ala. 506, 14 South. 405; Munson S. S. Line v. Harrison, 200 Ala. 504, 76 South. 446; Warden v. L. & N. R. R. Co., 94 Ala. 277, 10 South. 276, 14 L. R. A. 552. Under the federal Employers' Liability Act, the defense of assumption of risk is to be distinguished from that of contributory negligence. So. Ry. Co. v. Fisher, 199 Ala. 377, 74 South. 580; Jacobs v. So. Ry. Co., 241 U. S. 229, 36 Sup. Ct.

---

588, 60 L. Ed. 970. Charge No. 6 states a correct proposition of law. Ricketts v. Birmingham St. Ry. Co., 85 Ala. 600, 5 South. 353; L. & N. R. R. Co. v. Crawford, 89 Ala. 240, 8 South. 243; M. & B. Ry. Co. v. Holborn, 84 Ala. 133, 4 South. 146; George v. M. & O. R. R. Co., 109 Ala. 245, 19 South. 784; S. & N. Ry. Co. v. Schaufler, 75 Ala. 136; L. & N. R. R. Co. v. Orr, 91 Ala. 548, 8 South. 360; Wood v. R. & D. R. R. Co., 100 Ala. 660, 13 South. 552; Hartwick v. C. & A. R. Co. (C. C. A.) 286 Fed. 672; Davis v. P. & R. R. Co. (D. C.) 276 Fed 187. The statement of the court in his oral charge to the jury confused the plea of assumption of risk with that of contributory negligence. Andrews v. Birmingham Mineral R. R. Co., 99 Ala. 438, 12 South. 432; S. A. L. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Jacobs v. So. Ry. Co., 241 U. S. 229, 36 Sup. Ct. 588, 60 L. Ed. 970; C. & O. R. Co. v. Deatly, 241 U. S. 310, 36 Sup. Ct. 564, 60 L. Ed. 1016; Boldt v. Penn. R. R. Co., 245 U. S. 441, 38 Sup. Ct. 139, 62 L. Ed. 385; M. & B. R. R. Co. v. Holburn, 84 Ala. 137, 4 South. 146; Bedgood v. T. R. Miller Mill Co., 202 Ala. 299, 80 South. 364.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The conduct of Boris in running into and knocking the plaintiff down was negligence as a matter of fact. B. & P. R. Co. v. Jones, 95 U. S. 443, 24 L. Ed. 506; 1 Roberts, Fed. Liab. Carriers, 926; Wilson v. L. & N., 85 Ala. 269, 4 South. 701; So. Ry. v. Arnold, 162 Ala. 574, 50 South. 293; B. R., L. & P. Co. v. Landrum, 153 Ala. 192, 45 South. 198, 127 Am. St. Rep. 25; K. C. R. Co. v. Burton, 97 Ala. 240, 12 South. 88. The doctrine of assumption of risk is not applicable to this case. L. & N. v. Fleming, 194 Ala. 62, 69 South. 125; Reed v. Dir. Gen., 258 U. S. 92, 42 Sup. Ct. 191, 66 L. Ed. 480. There was no error in the oral charge of the court defining contributory negligence. 1 Roberts, Fed. Liab. Carriers, 1008; Erie R. Co. v. Purucker, 244 U. S. 320, 37 Sup. Ct. 629, 61 L. Ed. 1166; Wilson v. L. & N., supra; L. & N. v. Orr, 91 Ala. 548, 8 South. 360; M. & B. R. Co. v. Holborn, 84 Ala. 133, 4 South. 146; C. & W. v. Bridges, 86 Ala. 448, 5 South. 864, 11 Am. St. Rep. 58; L. & N. v. Crawford, 89 Ala. 240, 8 South. 243; Beyer v. L. & N., 114 Ala. 424, 21 South. 952; L. & N. v. Naugher, 203 Ala. 557, 84 South. 262; Andrews v. B. M. R. Co., 99 Ala. 438, 12 South. 432; L. & N. v. Stutts, 105 Ala. 368, 17 South. 29, 53 Am. St. Rep. 127; Munson S. S. Line v. Harrison, 200 Ala. 504, 76 South. 446; Warden v. L. & N. R. Co., 94 Ala. 277, 10 South. 276, 14 L. R. A. 552; L. & N. v. Fleming, 194 Ala. 51, 69 South. 125; Huggins v. So. Ry., 148 Ala. 153, 41 South. 856.

ANDERSON, C. J. [1] This cause was submitted to the jury on counts 1 and 2, which are under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), and which charge the plaintiff's injury as due to the negligence of an agent or servant of the defendant in running into or against the plaintiff, thereby throwing or knocking him under a moving train. The tendency of the plaintiff's evidence is that after he had safely alighted from the train, which was going at the rate of three to five miles per hour, and after it had gotten under the depot shed, and just before it had come to a stand at the regular stopping place, one Boris, a car wheel greaser or oiler for the defendant, ran into or against the plaintiff, thereby knocking him under the moving train. The defendant's evidence denied any collision whatsoever between the plaintiff and Boris and tended to show that the plaintiff in some way lost his balance and fell under the moving train when attempting to alight therefrom. There was a conflict in the evidence as to just how the injury occurred. The jury accepted the plaintiff's theory, and was therefore warranted by one feature of the evidence in doing so, as the plaintiff could not and should not have recovered unless Boris collided with him, and the trial court, in effect, so charged. Consequently the question arises, conceding that Boris ran into the plaintiff, was he guilty of negligence in doing so; that is, was there sufficient proof to carry this question to the jury? If Boris saw the plaintiff and knowingly ran into him, he was unquestionably guilty of negligence. On the other hand, if he did not see him before the collision, then was he guilty of negligence in running along a slowly moving train in close proximity thereto without keeping a lookout for those who may have or would attempt to alight therefrom before the train had come to a full stop? That is, did an ordinarily prudent man, under all the surrounding circumstances, have the right to assume that no one would attempt to alight before the train came to a full stop, or did ordinary prudence or caution suggest that some one, trainman or passenger, would probably attempt to alight before the train came to a final stop? This we think was a question for the jury. As was said by this court in the case of B. L. & P. Co. v. Landrum, 153 Ala. 192, 45 South. 198, 127 Am. St. Rep. 25:

"A passenger may alight from a slowly moving street car. A passenger car, within a very short distance of the station is likely to be discharging passengers."

True, this expression related to street cars, but we think it applies with equal force to a train under similar circumstances and is perhaps more applicable to trainmen, especially those who have duties to discharge at

the station within a limited period, as the evidence shows was the habit and custom of this plaintiff. "Generally negligence is a mixed question of law and fact and is for the consideration of the jury when the evidence is conflicting, or only tends to prove the fact or if different minds may reasonably draw different inferences, though the facts are uncontroverted." We therefore hold that the trial court properly refused the defendant's requested general charge based upon the idea that no negligence was shown on the part of Boris.

[2-5] It is next urged that the defendant was entitled to the general charge for the reason that the plaintiff assumed the risk which caused his injury. We are, of course, aware of the fact that this court, in some instances, has not been over particular in drawing a distinction between assumption of risk and contributory negligence as they both have, under our law, the same effect; that is, go in bar of a recovery and not in mitigation of damages. We are also cognizant of the fact that under the federal statute one operates as a bar and the other only reduces the damages. We have also generally held that assumption of risk is no defense to the negligence of those covered by our Employers' Liability Act, except perhaps as to the first subdivision, and realize that this is not in entire harmony with the decision of the United States Supreme Court in dealing with the federal act. That court, however, has not gone to the extent of holding that an assumption of risk was a good defense against the negligence of a coemployee when the negligence was not incident to the plaintiff's employment—was not such as was foreseen or contemplated under the contract of employment. Indeed, we think that the case of Reed v. Director General, 258 U. S. 92, 42 Sup. Ct. 191, 66 L. Ed. 480, conforms to our holding in the case of L. & N. R. R. v. Fleming, 194 Ala. 62, 69 South. 125, to the effect that this plaintiff's contract of employment did not involve him in any general assumption of risk from the negligence of coemployees. It only applies to conduct incident to his employment and not to negligence foreign thereto and which he could not foresee or contemplate. Had the plaintiff been injured while alighting from the train through the negligence of those in the operation of same, he may have assumed the risk—a point, however, we need not and do not decide—but he cannot be charged with having assumed the risk as against the negligence of an employee who was in no wise connected with the operation of the train and which was an outside intervening cause that produced the injury.

There was no error in refusing the defendant's requested charge 6. Whether the facts hypothesized constituted an assumption of risk or contributory negligence, a distinction that will be discussed later, matters not. If it be construed as setting up contributory negligence, it was bad, as it instructed that he could not recover when the facts set up would, under the federal act, operate only to mitigate the damages. Moreover, it pretermits the fact that choosing the unsafe way was the proximate cause of the injury. On the other hand, if we treat said charge as invoking an assumption of risk, it was faulty. It, in effect, instructs a finding against the plaintiff by affirmatively charging that he assumed the risk of being negligently run into by Boris which, as above indicated, was not a risk that was incident to his employment and which was contemplated or could have been foreseen.

[6, 7] The trial court committed no reversible error in so much of the oral charge as was excepted to by the appellant. The chief contention of the appellant is that the trial court confused contributory negligence with an assumption of risk and erroneously defined the conduct of the plaintiff, in the adoption of the more dangerous way to alight, as contributory negligence. We do not think that the trial court was in error in this respect. If there are two ways in which an act can be done—one a safe way, the other a dangerous way—and the person who is to do the act chooses the dangerous way with knowledge of the danger, he is guilty of contributory negligence and not assumption of risk. Wilson v. L. & N. R. R., 85 Ala. 269, 4 South. 701, L. & N. R. R. v. Orr, 91 Ala. 548, 8 South. 360. "Contributory negligence involves the notion of some fault or breach of duty on the part of the employee, and since it is ordinarily his duty to take some precaution for his own safety when engaged in a hazardous occupation, contributory negligence is sometimes defined as a failure to use such care for his safety as ordinarily prudent employees in similar circumstances would use. On the other hand, the assumption of risk, even though the risk be obvious, may be free from any suggestion of fault or negligence on the part of the employees. The risks may be present, notwithstanding the exercise of all reasonable care on his part." Seaboard Air Line R. R. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475. Applying the foregoing principle, a charge attempting to charge an employee with an assumption of risk in selecting the more dangerous way of stepping off of a track was condemned by the United States Supreme Court as being more properly applicable to the defense of contributory negligence. Erie R. R. v. Puruckee, 244 U. S. 320, 37 Sup. Ct. 629, 61 L. Ed. 1166. Moreover, as we view this case, there was no middle ground, as it presents the one issue of whether or not the plaintiff was negligently run into by Boris after he had safely alighted. If he was, notwithstanding he may have been guilty of contributory negligence in leaving the train,

though this would be a question for the jury, said negligence was not the proximate cause of his injury. On the other hand, if he was so injured he did not assume the risk of being run into by an employee of the defendant at the station and not connected with the operation of the train. If, however, he was not injured as his evidence tended to show, that is, was not run into by Boris, according to the defendant's theory there could have been no recovery whether he was or was not guilty of contributory negligence or did or did not assume the risk incident to leaving the train.

[8] We cannot put the trial court in error for refusing to grant the motion for a new trial because the verdict was contrary to the great weight of the evidence. True, there was a conflict between the evidence of the plaintiff and the statement previously signed by him, but the jury heard and saw the witnesses, observed their manner upon the stand, and heard the plaintiff and his witnesses explain the circumstances under which the statement was signed. The plaintiff was also corroborated, in part, by several other witnesses and whose evidence was in direct conflict with that of Boris and some of the defendant's other witnesses who claimed that there was no collision between Boris and the plaintiff. Under the often followed rule as laid down in the case of Cobb v. Malone, 92 Ala. 630, 9 South. 738, we do not feel warranted in reversing the trial court for refusing the motion for a new trial, and the judgment of the circuit court is accordingly affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.