194 So. 884

### BARGER v. OSWALT.

### 6 Div. 608.

Supreme Court of Alabama.

March 28, 1940.

R. C. Price, of Tuscaloosa, for appellant.

W. C. Warren and J. M. Ward, both of Tuscaloosa, for appellee.

BOULDIN, Justice.

Houston Barger sued Ottie Oswalt for personal injuries. The alleged cause of action is based on the relation of master and servant. There was verdict for defendant.

Defendant was the owner of and personally operating a small sawmill with tractor power. Plaintiff was an employee working at the mill.

On the occasion of the accident the mill was sawing, as suitable logs came in, some heavy green pine timbers, 14x14 inches, 16 feet long, and 8x16 inches, 16 feet long. When one of these timbers was sawed, all hands, as part of their duties, assisted in removing the timber from the carriage. Including defendant, there were six men working at the mill.

One of these timbers was sawed; the carriage moved on to where the rear end of the timber cleared the saw 3 to 5 feet, according to estimates of different witnesses. The circle saw was left running. Defendant was acting sawyer.

The method of removing the timber adopted by defendant, his own superintendent, was to push by hand and slide the timber forward on the carriage until it was clear.

All the men gathered about the timber ready for removal. Plaintiff took his position at the rear end of the log next to the revolving saw. His right foot rested on a crosspiece extending from under the carriage track; he placed his left foot on the rail of the carriage track; pushing from this position, his left foot slipped, was caught in the revolving saw; some toes and a portion of the foot were amputated.

Plaintiff was given no orders as to the position he should take. So far as appears, defendant was at the forward end of the log and knew nothing of plaintiff's position until he was injured. The plaintiff, so far as appears, voluntarily took that position in the belief he could better push from the end. No necessity to take this position appears in evidence or in inference therefrom. He knew all the conditions; was a young man nearing twenty-one years of age; had worked at this mill several months, and at others from time to time, for two years. The foregoing facts appear without conflict in the evidence.

The record is somewhat voluminous. There are more than one hundred assignments of error.

The complaint contained 17 counts. Demurrers were sustained to 7 of them, and overruled as to 10.

Touching the rulings on demurrer suffice to say the counts submitted to the jury covered every phase of alleged negligence set up in those eliminated, and called for no further proof.

So far as evidence tended to support the several counts, they rest upon the common law duty of the master to furnish the servant a reasonably safe place to work. For example, they charge negligence in leaving the saw running; in stopping the carriage in dangerous proximity thereto; in obstructing the track with unloaded timbers preventing the carriage from clearing the saw a safe distance; in failing to clear the track or space alongside the track; in failing to provide a proper rolling device to avoid unloading the timbers by hand, etc.

Numerous assignments of error and much argument is addressed to rulings on the admission of the testimony of other sawmill men as experts, directed to whether the conditions above outlined were lacking in safety, and out of line with other well regulated mills of the class.

In the view we take of the case, these and other rulings complained of need not be considered.

Under undisputed evidence, as matter of law, the proximate cause of the injury was in selecting and assuming a position of potential danger by the plaintiff in doing his work. This was with full knowledge of all the facts and done without direction from his employer. The only occasion for it was a belief on plaintiff's part that he could better help in moving the timber, an assumption that he could work in safety in that position. He took the chances in the face of known conditions. It is not a case of being put to work in a dangerous position unknown to him as in McNamara et al. v. Logan, 100 Ala. 187, 199, 14 So. 175.

We need not indulge in a discussion of the distinction between assumption of risk and contributory negligence in such cases, nor determine whether plaintiff was fully conscious of his danger. We may assume he did not anticipate his foot would slip on the rail.

The employer is not required to anticipate that his employee will voluntarily assume a position and place of work under conditions of danger known to the employee as fully as to the employer.

In such case it is a question of proximate cause. Jones v. Ripley Stave Co., 203 Ala. 60, 82 So. 20; Roberts v. Pell City Mfg. Co., 197 Ala. 106, 72 So. 341; Southern Ry. Co. v. Chestnutt, 210 Ala. 282, 97 So. 905; Louisville & N. R. Co. v. Morrill, 211 Ala. 39, 99 So. 297; International Harvester Co. et al. v. Elgin Williams, Sr., 222 Ala. 595, 133 So. 275.

Defendant was due the affirmative charge. Therefore rulings complained of not relating to facts pertinent to that question were harmless.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.